# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF

06-1084 (HL)

**ANGEL CHEVERE G.**     Petitioner,

Civ. No. _____

V.

(Crim. No. 97-271 (HL))

**UNITED STATES OF AMERICA,**
Respondent.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITIONER'S MOTION UNDER 28 USC § 2255

**COMES NOW**, The Petitioner, **Chevere G.**, *pro se*, and respectfully moves this Court to file a "Protective Motion to Vacate, Set Aside or Correct His Sentence" pursuant to 28 USC § 2255. Rather than seeking a ruling on the motion at this time, the Petitioner requests that this Court hold the Petitioner's Motion in abeyance pending the Supreme Court or this Circuit Court's resolution of when a new rule of constitutional law has been "made retroactive to cases on collateral review by the Supreme Court". In support thereof, he states:

Title 28 of the United States Code, subsections 2255 provides, pursuant to the Anti-Terrorism and Effective Death Penalty Act [AEDPA] that a motion under Section 2255 may be brought within one year from: "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". 28 USC § 2255.

In the instant case no Section 2255 motion has been previously ruled on the merits. This, however, does not preclude relief in this case. This motion is based on the new announcement of the United States Supreme Court in *United States v. Booker*, 543 US ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Thus, Section 2255(3) merely requires that Petitioner's motion be made within one-year of the *Booker* decision. See *Dodd v. United States*, ___ US ___, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005). What is unclear is whether the new rule of constitutional law first announced in *Apprendi v. New Jersey*, 530 US 466 (2000), secondly clarified in *Blakely v. Washington*, 542 US 296 (2004); and subsequently applied to the Federal Sentencing Guidelines in *United States v. Booker*, 543 US ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), has been "made retroactive to cases on collateral review by the Supreme Court".

With respect to the requirement of retroactivity, the Petitioner is aware that the question of when the new rule of constitutional law announced by *Booker* has been "made retroactively applicable to cases on collateral review" is currently before the Supreme Court: See *Clark v. U.S.*, S.Ct. Case Number 05-5491.

Therefore, to take advantage of this new right, the Petitioner must file his § 2255 petition within one-year of it's announcement according to *Dodd*, supra. Not filing within a year of its announcement would bar the Petitioner from seeking relief based on *Booker*, should it be held to be retroactive in the future. Petitioner's § 2255 motion will have been timely filed, because it was placed in the prison mail system for delivery to this Court on or before January 12, 2006. (*Booker* was decided January 12, 2005). See *Dodd v. United States*, ___ US ___, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005).

Once the Supreme Court, or the this Circuit decides the question of retroactivity, the Petitioner will file a supplemental memorandum of law in support of his motion to vacate, set aside or correct his sentence pursuant to 28 USC § 2255. Until then, the Petitioner respectfully asks this Honorable Court to hold his motion in abeyance.

## CONCLUSION

Wherefore, Petitioner respectfully requests that this Honorable Court holds his motion in abeyance pending a decision from the Supreme Court on the retroactivity issue, or consider the constitutional violation recognized in *Booker* to have been properly preserved for any future litigation.

Respectfully Submitted,

_Angel Chevere Gonzalez_
Mr. _____, Pro Se
# 16114-069
Federal Correctional Complex-USP
P.O. Box 1033
Coleman, Florida 33521-1033

## CERTIFICATE OF SERVICE

I, _Chevere_, Petitioner in *pro se*, hereby certify that a true and correct copy of Petitioner's foregoing MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION UNDER 28 USC § 2255 has been mailed, postage pre-paid to the following:

UNITED STATES ATTORNEY'S OFFICE
AUSA 150 CARLOS CHARDON AVE.
RM. 452
San Juan, P.R. 00918

by placing same in the Institutional's legal mail box for forwarding which pursuant to the doctrine of *Houston v. Lack*, 101 L.Ed.2d 345 (1988) is deemed filed on this 31th Day of December, 2005.

Respectfully Submitted,

_Angel Chevere Gonzalez_
Mr. _____, Pro Se
# 16114-069
Federal Correctional Complex-USP
P.O. Box 1033
Coleman, Florida 33521-1033